DA 09-0039

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 270N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CHRISTOPHER J. VOGL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 07-0553
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Bradley J. Finn, Attorney at Law, Billings, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

       Dennis Paxinos, Yellowstone County Attorney; Robert Spoja, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  July 15, 2009

Decided:  August 14, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Christopher J. Vogl (Vogl) appeals from the denial of his motion to dismiss by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3     The issue on appeal is whether the District Court correctly denied Vogl's motion to dismiss for lack of probable cause to arrest for driving under the influence of alcohol (DUI).

¶4     Yellowstone County Deputy Sheriff John Smith (Deputy Smith) stopped Vogl for expired plates around 10:00 PM on February 2, 2007, in Lockwood. Deputy Smith smelled alcohol on Vogl's breath, observed that Vogl's eyes were red and glossy, observed that Vogl had trouble understanding why he had been stopped, and observed that Vogl had "out of the ordinary" difficulty removing his driver's license from his wallet. Vogl acknowledged he had just come from the Second Shift Bar. Deputy Smith administered field sobriety tests, including the horizontal gaze nystagmus (HGN) test and preliminary breath test (PBT), which indicated to Deputy Smith that Vogl was alcohol impaired. Deputy Smith arrested Vogl for DUI.

¶5     Vogl moved to dismiss the DUI charge in justice court, which was granted on June 25,

2

2007. The State appealed to District Court where Vogl filed motions to suppress and dismiss. On January 28, 2008, the District Court granted Vogl's motion to suppress evidence from the HGN test and PBT due to Deputy Smith's failures to administer the tests in accordance with his DUI training. The District Court denied Vogl's motion to dismiss. Vogl was convicted by a jury of operating a motor vehicle with an alcohol concentration of .08 or more (DUI per se) on November 17, 2008.

¶6      Vogl argues on appeal that since both the HGN and PBT were suppressed, the District Court should have dismissed the case for lack of probable cause to arrest him for DUI. "We have recognized that the appropriate course of action in the event of an illegal arrest is not to dismiss all charges, but to suppress all evidence seized or otherwise gained as a result of the arrest." *State v. McKee*, 1998 MT 110, ¶ 27, 288 Mont. 454, 958 P.2d 700. Vogl successfully suppressed evidence from the HGN test and PBT, however, Vogl did not object to the admission at trial of a breath alcohol test result of .142, nor to a videotape of Vogl's voluntary post-arrest interview with law enforcement. Vogl failed to avail himself of the proper remedy for his alleged illegal arrest, which was suppression of any resulting evidence.

¶7      Regardless, we conclude that Deputy Smith had probable cause to arrest Vogl. "A peace officer may arrest a person when a warrant has not been issued if the officer has probable cause to believe that the person is committing an offense or that the person has committed an offense and existing circumstances require immediate arrest." Section 46-6-311(1), MCA. Deputy Smith's observations alone supported such probable cause for DUI.

3

Thus, the District Court correctly denied Vogl's motion to dismiss.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue is clearly controlled by settled Montana law.

¶9      Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON